UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

DAVID JOHNSON,

                                             Plaintiff,

                    -against-

CITY AND STATE DEPARTMENT OF CORRECTION,
C/O Remy #17288 and CAPT. MATHEWS #130,

                                             Defendants.

------------------------------------------------------------------------ x

**ANSWER TO THE COMPLAINT ON BEHALF OF DEFENDANTS NEW YORK CITY DEPARTMENT OF CORRECTION, CORRECTION OFFICER REMY AND CAPTAIN MATTHEWS**

07 CV 9795 (RJS)

Jury Trial Demanded

        Defendants New York City Department of Correction ("DOC"), Correction Officer Remy and Captain Matthews, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows:[1]

        1.        Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "I" of the complaint and all subparts thereto, except admit that plaintiff purports to name the parties as stated therein.

        2.        Deny the allegations set forth in paragraph "II.A." of the complaint, except admit that plaintiff was incarcerated at the George R. Vierno Center for a period of time.

        3.        Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "II.B." of the complaint.

---

        [1] Defendants DOC, Correction Officer Remy and Captain Matthews respectfully note that plaintiff purports to name the "City and State of New York Department of Correction" in the caption of the complaint.  On information and belief, the New York State Department of Correctional Services has not been served with a copy of the summons and complaint in this action.  Further, defendants respectfully submit that DOC is not a suable entity.

4.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "II.C." of the complaint.

5.     Deny the allegations set forth in paragraph "II.D." of the complaint, except admit that plaintiff was escorted from the recreation yard at the George R. Vierno Center by Correction Officer Remy on or about July 19, 2007.

6.     Deny the allegations set forth in paragraph "III" of the complaint.

7.     Deny knowledge or information sufficient to form a belief as to truth of the allegations set forth in paragraph "IV" of the complaint and all subparts and attachments thereto, except admit that the George R. Vierno Center has an inmate grievance procedure.

8.     Deny the allegations set forth in paragraph "V" of the complaint, except admit that plaintiff purports to seek the relief as stated therein.

9.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "VI" of the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

10.     The complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

11.     The individual defendants have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore are protected by qualified immunity.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

12.     At all times relevant to the acts alleged in the complaint, defendants acted reasonably in the proper and lawful exercise of their discretion.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

13.     Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties, and was not the proximate result of any act of the defendants.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

14.     Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

15.     Plaintiff's claims may be barred, in whole or in part, because plaintiff failed to comply with all conditions precedent to suit.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

16.     Plaintiff's claims may be barred, in whole or in part, by the applicable statute of limitations period.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

17.     Plaintiff's claims may be barred, in whole or in part, by the doctrines of res judicata and/or collateral estoppel.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

18.     Defendants' actions were justified by probable cause.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

19.     Plaintiff's claims may be barred, in whole or in part, by the terms of the Prison Litigation Reform Act.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:

20.     Plaintiff provoked any incident.

- 3 -

**WHEREFORE,** defendants DOC, Correction Officer Remy and Captain Matthews request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:      New York, New York
              April 21, 2008

                                    MICHAEL A. CARDOZO
                                    Corporation Counsel of the
                                      City of New York
                                    Attorney for Defendants DOC, Correction Officer
                                    Remy and Captain Matthews
                                    100 Church Street
                                    New York, New York 10007
                                    (212) 788-1575

                                    By:                 /s/
                                                      Bradford C. Patrick
                                                      Assistant Corporation Counsel

To:      <u>BY MAIL</u>
           David Johnson, DIN #06-A-4464
           Plaintiff <u>Pro Se</u>
           Sing Sing Correctional Facility
           354 Hunter Street
           Ossining, NY 10562

## DECLARATION OF SERVICE BY FIRST CLASS MAIL

I, Bradford C. Patrick, declare, pursuant to 28 U.S.C. § 1746, under the penalty of

perjury that on **April 21, 2008** I served the annexed **Answer to the Complaint on Behalf of**

**Defendants New York City Department of Correction, Correction Officer Remy and**

**Captain Matthews** upon the following individual by depositing a copy of the same, enclosed in

a first class postpaid properly addressed wrapper, in a post office/official depository under the

exclusive care and custody of the United States Postal Service, within the State of New York,

directed to the said plaintiff pro se at the address set forth herein, being the address designated by

said plaintiff for that purpose, to wit:

> David Johnson, DIN #06-A-4464
> Plaintiff Pro Se
> Sing Sing Correctional Facility
> 354 Hunter Street
> Ossining, NY 10562

Dated:     New York, NY
         April 21, 2008

_____
          /s/
Bradford C. Patrick
Assistant Corporation Counsel
Special Federal Litigation

Index No.  07 CV 9795 (RJS)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAVID JOHNSON,

Plaintiff,

-against-

CITY AND STATE OF NEW YORK
DEPARTMENT OF CORRECTION, C/O
REMY #17288, CAPT. MATHEWS,

Defendants.

**ANSWER TO THE COMPLAINT ON BEHALF OF
DEFENDANTS NEW YORK CITY DEPARTMENT
OF CORRECTION, CORRECTION OFFICER
REMY AND CAPTAIN MATTHEWS**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants DOC, Correction Officer Remy
and Captain Matthews*
*100 Church Street*
*New York, N.Y.  10007*

*Of Counsel:  Bradford C. Patrick*
*Tel:  (212) 788-1575*
*NYCLIS No.2008-003592*

*Due and timely service is hereby admitted.*

*New York, N.Y.  .............................................., 200......*

*............................................................................ Esq.*

*Attorney for..................................................................*